THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Anthony D. Wilder, Appellant.
 
 
 

Appeal From Charleston County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-385
Heard April 6, 2011  Filed August 9, 2011    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 McIntosh, Assistant Deputy General Attorney Donald J. Zelenka, Assistant Attorney
 General J. Anthony Mabry, of Columbia; and Solicitor Scarlett Anne Wilson, of
 Charleston, for Respondent.
 
 
 

PER
 CURIAM: Anthony D. Wilder was
 convicted of murder, assault and battery with intent to kill (ABWCK), two
 counts of kidnapping, and first-degree burglary and sentenced to life
 imprisonment.  Wilder appeals, arguing the trial court erred in allowing the
 admission of DNA evidence collected from his pants.  Specifically, Wilder
 contends the chain of custody and sloppy handling of his pants created a strong
 chance the DNA evidence was contaminated, and therefore, totally unreliable.  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the trial
 court erred in admitting the DNA evidence developed from Wilder's pants: State
 v. Ramsey, 345 S.C. 607, 615, 550 S.E.2d 294, 298 (2001) (finding conflicting
 theories of how evidence was collected and the potential for contamination
 related did not render DNA evidence so tainted it was totally unreliable).
2. Assuming the trial court
 erred in admitting the DNA evidence developed from Wilder's pants: State v.
 Pagan, 369 S.C. 201, 212-13, 631 S.E.2d 262, 267-68 (2006) (finding
 error in admitting evidence of defendant's failure to stop for a blue light was
 harmless because defendant was not prejudiced and other competent evidence
 established defendant's guilt beyond a reasonable doubt).    
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.